JOHN L. GANNON [ISB# 1975]
1101 W. River Street, Suite 340
Boise, ID 83702
Telephone: (208) 433-0629
Facsimile: (208) 343-5807
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY HENSLEE | CASE NO: |
| Plaintiff, | |
| vs. | COMPLAINT AND JURY DEMAND |
| NCO FINANCIAL SYSTEMS INC | |
| Defendant. | |

COMES NOW, the above-entitled Plaintiff who claims and alleges as follows:

### COUNT I

#### I

Jurisdiction of this court arises under 15 USCA 1692k(d) and 28 USC 1337 in that this matter concerns violations of the Fair Debt Collection Practices Act by the Defendant, who is subject to the provisions of said act.

#### II

At all times herein mentioned the Plaintiff is an individual consumer who allegedly incurred a debt with a creditor, Ada County, who the Defendant has alleged assigned or sold said debt to the Defendant NCO.

COMPLAINT AND JURY DEMAND - 1

III.

Defendant is a Pennsylvania corporation engaged in the business of collecting debts in the State of Idaho and its principal place of business is reputed to be in Horsham, Pennsylvania. The Defendant regularly attempts or collects debts alleged to be due to others.

IV

The Defendant is a debt collector as defined by the Fair Debt Collection Practices Act 15 USCA 1692(a)(6).

V

The Defendant claimed amounts were due and owing to Ada County in the amount of $615.01 and that this debt was incurred for personal, family or household services, consisting of jail fees for her exhusband while he was at the Ada County Jail.

VI.

On or about November 2, 2005, the Defendant caused a lawsuit to be filed against the Plaintiff which included this account. Thereafter, Defendant's employes had conversations with the Plaintiff in which they represented and warranted that she owed the debt even though she explained she was a spouse and that the jailing could have been the result of violation of a domestic violence order. Defendant's employes represented she was responsible for the debt and owed it.

VII.

The Defendant thereafter began making payments, but was unable to complete them and Judgment was entered.

COMPLAINT AND JURY DEMAND - 2

VIII

In March, 2006, Plaintiff discussed the situation with Ada County personnel, and Boise Police victims unit personnel, and on or about April 7, 2006, Defendant verbally through its employe "John" in writing agreed it would credit Plaintiff with the sum of $615.01. In addition NCO attorneys agreed to credit the account with part of the attorney's fee.

VIII

Defendant, nevertheless, breached its agreement and violated its representations by garnishing Plaintiff's wages for the amounts it said it was crediting.

IX

The conduct by the Defendant violates 15 USCA 1692(e) in that

(e) the conduct by the Defendant included false, misleading and deceptive acts in that the Defendant had no legal right to collect the amount in question in the first place because of Idaho Code 20-607 and later based on its written representation

(e)(2) The Defendant falsely represented the character, amount and legal status of the debt in making several representations recited herein.

(e)(10)the defendant has used deceptive means to collect or attempt to collect the debt

As well as other provisions of subsection (e) as the evidence shows are applicable.

X

The conduct by the Defendant violates 15 USCA 1692(f) in that

(f) the Defendant has engaged in unfair and unconscionable means to collect the debt

(f)(1) The Defendant collected the debt despite making representations in writing

COMPLAINT AND JURY DEMAND - 3

that it would not do so and represented that Amy Henslee was obligated to pay the debt when in fact she was not.

## XI

As a result of this conduct by the Defendant the Plaintiff has sustained emotional distress and harassment and Plaintiff asks for actual damages of $5000 and the $1000 statutory penalty provided for in 15 USC 1692k for violation of the act by the Defendant, which conduct appears to be continuing up to the date of filing of this complaint.

## XII

Plaintiff further asks for an award of costs and attorneys fees pursuant to 15 USC 1692k in a reasonable amount, and if this matter proceeds by default, the amount of $2500.

## COUNT II

## I

Plaintiff repleads and realleges Paragraphs I - VIII of Count I

## II

The Idaho Consumer Protection Act is applicable to the facts and circumstances of this Complaint in that the Defendant has engaged in trade or commerce (See Western Acceptance v Jones 788 P.2d 214 (1990) and in the exercise of due care Defendant knows and should have known that it has engaged in unfair and deceptive acts and practices in that:

(17) it engaged false misleading and deceptive acts and practices by entering into the agreement and then failing to honor it and misrepresenting the status of the debt and Defendants liability for it.

## III

COMPLAINT AND JURY DEMAND - 4

As a result of these violations Plaintiff asks for damages in the amount of $1000 pursuant to Idaho Code 48-608 plus costs and attorneys fees pursuant to said section and if this matter proceeds by default Plaintiff asks for $2500.

## COUNT III CLASS ACTION

### I

Plaintiff repleads and realleges Paragraphs I - X of Count I

### II

Plaintiff brings this action as a class action pursuant to FRCP 23, individually and as a member of the class.

### III

Plaintiff is informed and believes that Defendant has either collected this kind of account from other spouses or has collected these accounts from the principal debtor by filing improper lawsuits in the Magistrate's Division of the Fourth Judicial District and possibly other Districts, in complete and flagrant violation of Idaho Code 20-607. The members of the class should include all of these persons.

### IV

The claims of the Plaintiff are typical of the class and size of the class is believed to be reasonable so that Plaintiff can fairly and adequately represent the interests of the class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy in that there are probably numerous plaintiffs and the individual damages of any class member would be relatively small when measured against the potential costs of bringing the action, thus making the expense and burden of the litigation unjustified for individual actions.

COMPLAINT AND JURY DEMAND - 5

V

There are common questions of law and fact, namely the application of Idaho Code 20-607 to these kinds of accounts and the conduct directed toward each potential class member.  The Plaintiffs do not anticipate difficulty in managing this suit as a class action.

VI

The Defendant has acted on grounds which are universally applicable to the class, thereby making injunctive relief appropriate.

VII

Pursuant to 15 USC 1692(k) Plaintiff asks that each member of the class recover the payments that were made in violation of Idaho Code 20-607 and that a reasonable statutory penalty be assessed in each members favor, plus reasonable costs and attorneys fees and if this matter proceeds by default attorneys fees in the amount of $5000.

INJUNCTIVE RELIEF

Plaintiff further asks and requests this Court to issue its Order directing that any further collection actions relating to debts such as the ones at issue in this case must comply with Idaho Code 20-607.

WHEREFORE, Plaintiff asks for the following relief:

1. Judgment for Plaintiff pursuant to Count I in the amount of $5000 actual damages plus $1000 statutory damages and for costs and reasonable  attorneys fees pursuant to 15USC1692K, in the reasonable amount of $2500 if this amount is uncontested.

2. In the alternative Judgment for Plaintiff pursuant to Count II in the amount of

COMPLAINT AND JURY DEMAND - 6

$5000 actual damages and for costs and reasonable attorneys fees pursuant to Idaho Code

48-608, in the reasonable amount of $2500 if this amount is uncontested.

3. That this Court certify this case as a Class Action and that Judgment be entered

for each eligible member of the class in the amount of each class members actual damages

plus a reasonable statutory penalty for each class member plus costs and attorneys fees

pursuant to 15 USC 1692K.

4. That this Court Order that any further collection actions relating to debts such

as the ones at issue in this case must comply with Idaho Code 20-607.

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE

DATED this 4 day of October, 2006.

JOHN GANNON

COMPLAINT AND JURY DEMAND - 7

VERIFICATION

STATE OF IDAHO    )

County of Ada            )

     AMY HENSLEE being first duly sworn deposes and says:

     I have read this Complaint and Jury Demand and the facts and statements therein of which I have personal knowledge are true and correct to the best of my knowledge and belief.

Dated this _5_ day of July, 2006

By _Amy Henslee_

SUBSCRIBED TO AND SWORN this _5_ day of July, 2006

By _Kari Johnson_
NOTARY PUBLIC FOR IDAHO
Residing at Boise, Idaho
My Comm Exp  5/16/2011

COMPLAINT AND JURY DEMAND - 8