Thomas B. High, ISB No. 2430
BENOIT, ALEXANDER, HARWOOD,
    HIGH & VALDEZ, L.L.P.
126 Second Avenue North
P.O. Box 366
Twin Falls, Idaho 83303-0366
Telephone: (208) 733-5463
Attorneys for Defendant
(14775\Answer\TBH\ka)

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

\* \* \* \* \*

| | | |
|---|---|---|
| AMY HENSLEE | ) | Case No. CV-00504-LMB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER OF NCO FINANCIAL** |
| v. | ) | **SYSTEMS, INC. TO PLAINTIFF'S** |
| | ) | **CLAIM** |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

\* \* \* \* \*

Defendant, NCO Financial Systems, Inc. (hereinafter "NCO"), for itself alone, responds to the Complaint of plaintiff, AMY HENSLEE, as follows:

COUNT I

I.

NCO generally admits the allegations in ¶ I of the Complaint for jurisdiction purposes, but denies NCO is subject to the provisions of the FDCPA with respect to the account made the subject of the lawsuit and further denies any allegations of damages, liability or violation of the FDCPA to the extent alleged in ¶ I.

ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO PLAINTIFF'S CLAIM - 1

II.

NCO admits Ada County placed a debt incurred by David A. Henslee with NCO for collection. Except as expressly admitted, NCO denies the remaining allegation in ¶ II.

III.

NCO admits the allegations contained in ¶ III.

IV.

NCO admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6) its conduct may be governed by the applicable provisions of that statute. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ IV.

V.

NCO admits the Ada County Sheriff placed a debt incurred by David A. Henslee with NCO for collection. NCO further admits upon information and belief that the debt was related to or arose from the incarceration of David A. Henslee. Except as expressly admitted, NCO denies the remaining allegation in ¶ V of the Complaint for lack of knowledge or information.

VI.

NCO admits a lawsuit was filed against Plaintiff relating to the Ada County Sheriff account placed with NCO for collection. NCO further admits its records reflect conversations between plaintiff and NCO personnel relating to the account. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ VI.

ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO PLAINTIFF'S CLAIM - 2

VII.

NCO admits its records reflect a payment by plaintiff in the amount of $325.00. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ VII for lack of knowledge or information.

VIII.

NCO admits its records reflect that on or about March 31, 2006, Ada County Sheriff instructed NCO to cancel collection of the account and delete credit reporting and NCO complied with the instruction. NCO further admits its records reflect conversations with plaintiff on or about April 7, 2006 regarding same. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ VIII.

VIII. (sic)

NCO denies the allegations contained in the second ¶ VIII.

IX.

NCO denies the allegations contained in ¶ IX.

X.

NCO denies the allegations contained in ¶ X.

XI.

NCO denies the allegations contained in ¶ XI.

XII.

NCO admits plaintiff asks for an award of costs and fees as stated, but NCO denies any damages, liability or wrongdoing to the extent alleged in ¶ XII.

ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO PLAINTIFF'S CLAIM - 3

COUNT II

I.

NCO hereby incorporates its responses to Paragraphs I through VIII of Count I as through set forth in full.

II.

NCO denies the allegations contained in ¶ II.

III.

NCO admits plaintiff asks for an award of damages as stated, but NCO denies any damages, liability or wrongdoing to the extent alleged in ¶ III.

COUNT III

I.

NCO hereby incorporates its responses to Paragraphs I through X of Count I as though set forth in full.

II.

NCO admits plaintiff purports to bring this action as a class action, denies this action may properly be maintained as a class action and denies the remaining allegations contained in ¶ II.

III.

NCO denies any liability or wrongdoing under the law and denies this action may properly be maintained as a class action. NCO lacks sufficient information to answer the remaining allegations contained in ¶ III, and based thereon denies the same.

ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO PLAINTIFF'S CLAIM - 4

IV.

NCO denies any liability or wrongdoing under the law and denies this action may properly be maintained as a class action. NCO lacks sufficient information to answer the remaining allegations contained in ¶ IV, and based thereon denies the same.

V.

NCO denies any liability or wrongdoing under the law and denies this action may properly be maintained as a class action. NCO lacks sufficient information to answer the remaining allegations contained in ¶ V, and based thereon denies the same.

VI.

NCO denies any liability or wrongdoing under the law to the extent alleged in ¶ VI and denies this action may properly be maintained as a class action.

VII.

NCO admits plaintiff purports to seek damages as stated in ¶ VII, but denies any damages, liability or wrongdoing under the law and denies this action may properly be maintained as a class action. NCO lacks sufficient information to answer the remaining allegations contained in ¶ VIII, and based thereon denies the same.

INJUNCTIVE RELIEF

NCO admits plaintiff purports to seek injunctive relief as alleged, but denies any liability or wrongdoing under the law, denies this action may properly be maintained as a class action, and denies plaintiff is entitled to injunctive relief.

**FIRST AFFIRMATIVE DEFENSE**

NCO alleges the on or more of the Counts fail to state a claim upon which relief can be granted.

ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO PLAINTIFF'S CLAIM - 5

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, NCO respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;

2. Judgment of dismissal be entered in favor of NCO;

3. NCO be awarded costs and attorney's fees it has incurred in defending this lawsuit to the extent permitted by state and/or federal law;

4. NCO be granted such other and further relief as the Court deems just and proper.

DATED this 7th day of February, 2007.

BENOIT, ALEXANDER, HARWOOD,
HIGH & VALDEZ, L.L.P.

By _____
Thomas B. High
Attorneys for Defendant

ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO PLAINTIFF'S CLAIM - 6

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2007, I electronically filed the foregoing **ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO PLAINTIFF'S CLAIM** with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following person:

John L. Gannon
Attorney at Law
1101 W. River Street, Suite 340
Boise, ID  83702
**Attorneys for Plaintiff**

_____
Thomas B. High

ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO PLAINTIFF'S CLAIM - 7