IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY HENSLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CV 06-504-S-LMB |
| vs. ) | |
| ) | **ORDER OF DISMISSAL** |
| NCO FINANCIAL SYSTEMS INC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Currently pending before the Court is Plaintiff's Motion to Approve Settlement and to Dismiss. (Docket No. 16). Defendant has filed a Statement of Non-Opposition to Plaintiff's Motion. (Docket No. 20). However, because Plaintiff filed this action as a class action pursuant to Federal Rule of Civil Procedure 23, the Court must make certain findings before the action may be dismissed. *See* Fed. R. Civ. P. 23(e); *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (explaining that courts should consider "possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests"). Although the class has not yet been certified, nor has notice been given to the putative class members, the Court of Appeals for the Ninth Circuit has held that Rule 23(e)'s requirements apply even before class certification. *Diaz*, 876 F.2d at 1408.

ORDER OF DISMISSAL - 1

Having considered the factors identified by the Court of Appeals for the Ninth Circuit in *Diaz*, and having reviewed the record in this case and considered the filings of the parties, including the Affidavit of John Gannon (Docket No. 18);

**THE COURT HEREBY FINDS,** and thus concludes, that there has been no publicity concerning this action and there does not appear to be any reliance upon this action by any member of the putative class; that any putative class member has sufficient time to file an independent claim concerning this matter if they wish; and the class members are not prejudiced by this settlement and there is no concession made to Plaintiff that furthers her own interests at the expense of the class.

**THEREFORE IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Approve Settlement and to Dismiss (Docket No. 16) is GRANTED and this action DISMISSED in its entirety with prejudice as to all claims which Plaintiff Amy Henslee has or could have made, and without prejudice as to all claims which the putative class members have or could have made. The settlement of this case as to Amy Henslee is not to be construed as an admission of liability or wrongdoing by Defendant NCO, or anyone affiliated with the Defendant.

2. Each party shall bear their own costs and attorneys fees.

DATED: **May 2, 2007**.

_____
Honorable Larry M. Boyle
U. S. Magistrate Judge

ORDER OF DISMISSAL - 2